OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
*683 The application by order to show cause by David E Lesch, Esq., the court evaluator appointed in this case, for an order directing either the Jewish Home and Hospital for the Aged or Family Service Society of Yonkers (FSSY) to pay the court evaluator his fee, is granted to the extent that FSSY is directed to pay Mr. Lesch’s court awarded fees.
By order and judgment dated December 12, 2007, this court directed that the guardian pay to David E Lesch, Esq., a total of $2,511 for services rendered as court evaluator. When the order and judgment was signed, R.B., the daughter of A.M. (hereinafter IF), was appointed to serve as the guardian and was required to obtain a bond of $98,000. R.B. failed to obtain the bond and failed to obtain her commission. She also failed to respond to letters sent to her by the Guardianship Department of Bronx County. As a result, in a decision and order dated September 8, 2008, this court removed R.B. as the guardian and appointed FSSY to serve as the guardian of the person and property.
Mr. Lesch asserts that by August of 2008, he had still not received his fee for serving as court evaluator and he began making telephone calls to follow up. On August 4, 2009, he spoke to someone from FSSY who informed him that no assets had yet been marshaled by FSSY. Mr. Lesch asserts that it became clear that R.B., the IE’s daughter, with whom the IF shared a joint bank account, “cleared out funds from the account.” (Lesch aff, para 4.) Mr. Lesch inquired as to when he would be paid his court evaluator fee and he was told there were no longer any funds to pay his fees.
Mr. Lesch avers that on March 23, 2010, he received an affidavit from FSSY which it wanted him to sign. The IF passed away on October 2, 2009 at the Jewish Home and Hospital and she left approximately $124.58 in the FSSY guardianship account. FSSY asked that Mr. Lesch confirm the final accounting, including the $4,500 FSSY collected during the guardianship as fees for its commission. Mr. Lesch asserts that the only ones who seemed to have received money as a result of the proceedings were the Jewish Home and Hospital and FSSY. Mr. Lesch is reluctant to confirm and accept the commissions received by FSSY and avers that FSSY should provide this court with proof as to when it first attempted to marshal the IE’s assets and whether ample time had elapsed for the prior guardian, R.B., to deplete funds from the joint account.
In addition, Mr. Lesch asserts that in cases where a court evaluator has not been able to collect his or her fees, the court *684 has directed that either the nursing home or another entity compensate the court evaluator. Therefore, Mr. Lesch requests that either the Jewish Home and Hospital for the Aged or FSSY pay the court evaluator for the time and effort he put into investigating the circumstances surrounding the instant Mental Hygiene Law article 81 proceeding.
This court did not receive any papers in opposition to Mr. Lesch’s motion.
Mental Hygiene Law § 81.09 (f) states, “When judgment grants a petition, the court may award a reasonable compensation to a court evaluator . . . payable by the estate of the allegedly incapacitated person.” In the case at bar, the court evaluator fees were to be payable from the IP’s assets. However, at the time the order and judgment was signed, the IP’s daughter, R.B., was appointed her guardian and was required to post a bond. After she failed to comply with any of the guardianship requirements, she was removed as the guardian almost one year later. In that period of time, it is likely that she depleted the funds from the joint account she shared with the IP In its initial report to the court, FSSY indicated that it was referring the matter of the depletion of the funds from the IP’s joint account to the Bronx District Attorney’s Office.
In its application for an order waiving filing and judicial settlement of its formal final account in this guardianship matter, FSSY submits a balance sheet which indicates that on December 16, 2008 there was a deposit at Apple Bank in the amount of $1,311.85. There were deposits made to the guardianship account from Social Security throughout 2009. In terms of expenditures made by FSSY, on August 5, 2009, FSSY paid to its attorneys, Glassman and Brown, a total of $300. In addition, on October 7, 2009, FSSY paid to itself a lump sum of $4,500 as guardianship fees for October 2008 through July 2009. At the time FSSY took its commission, the balance in the IP’s account was $4,609.74. Thus, there were sufficient funds in the account to pay the court evaluator his fees. After FSSY paid itself the commission, it continued to marshal assets and on January 6, 2010, it paid the Social Security Administration a total of $1,146. The balance in the IP’s account is $94.94.
As of October 7, 2009, there were sufficient funds in the IP’s guardianship account for FSSY to have paid the court evaluator his full fees, or at the very least, part of his fees. FSSY did not provide this court with an explanation as to why it informed Mr. Lesch that there were insufficient funds in the IP’s ac *685 counts to pay his fees but once there were enough funds in the account, it took its full commissions and did not remit at least a partial payment to Mr. Lesch.
Accordingly, FSSY is hereby ordered to pay to David E Lesch, Esq., a total of $2,511 from the funds it collected from the IP’s estate to pay its commissions from October 2008 to July 2009.